**Luis CORONADO, Plaintiff–Appellant,**

v.

**Christopher LIGHTFOOT, Defendant–Appellee.**

**No. 01–1079.**

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Pro se Michigan prisoner Luis Coronado appeals a district court judgment entered following a jury verdict in his disfavor in a 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Coronado sued several named and unnamed defendants who worked at the Chippewa Correctional Facility. Coronado claimed that he received cruel and unusual punishment following his refusal to comply with the institution's strip-search procedures. The district court dismissed all defendants except for Officer Christopher Lightfoot, and the district court appointed counsel to represent Coronado at trial. The jury returned a verdict in Lightfoot's favor, and the court entered judgment accordingly.

In his timely pro se appeal, Coronado makes misplaced arguments that the district court erred by granting summary judgment for some of the defendants before discovery was completed and by the appointment of a receiver to accept a judgment he expects to receive, and to somehow force his settlement offer upon the defendant. Both parties have filed briefs.

As an initial matter, Coronado's motions on appeal are frivolous. They are merely an attempt to retry his case in this court on appeal following his lack of success in the district court. They are denied.

Coronado had his day in court but lost. The district court denied summary judgment motions filed by both parties, concluding that the case concerned genuine issues of material fact to be tried by a jury. Coronado's summary judgment contentions are moot and otherwise lack a basis in fact. His contention that he was entitled to judgment as a matter of law based on his affidavit is patently frivolous. Although an affidavit or complaint signed under penalty of perjury may serve as competent evidence to overcome a motion for summary judgment, *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir.1993), nothing in the record indicates that Coronado was entitled to judgment as a matter of law or that his evidence was uncontroverted.

Accordingly, all pending motions are denied and the district court's judgment is

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.